People v Baker (2025 NY Slip Op 02693)

People v Baker

2025 NY Slip Op 02693

Decided on May 2, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND NOWAK, JJ.

318 KA 23-00978

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE D. BAKER, DEFENDANT-APPELLANT. 

ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
CHRISTINE CALLANAN, DISTRICT ATTORNEY, LYONS (CATHERINE MENIKOTZ OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered April 5, 2023. The appeal was held by this Court by order entered July 26, 2024, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (229 AD3d 1324 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Wayne County Court for further proceedings in accordance with the following memorandum: We previously held this case, reserved decision, and remitted the matter to County Court for a determination whether the People were ready for trial within the requisite time period (People v Baker, 229 AD3d 1324, 1327-1328 [4th Dept 2024]). Prior to defendant's conviction, the court had originally held that, other than a period between February 14, 2022 and March 14, 2022, "[t]here was no other excludable time, therefore, the People must [have been] ready for trial by September 1, 2022." The court further held, however, that in July 2022 the People had filed a valid certificate of compliance pursuant to CPL article 245 and declared ready for trial, which stopped the accrual of time for speedy trial purposes before September 1, 2022. On appeal, we determined, contrary to the court's finding, that the July 2022 certificate of compliance was invalid. Because the court had not explicitly ruled on the issue whether the time chargeable to the People exceeded the applicable CPL 30.30 period (see People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]), we remitted the matter to County Court to determine, consistent with our determination regarding the July 2022 certificate of compliance, whether the People were ready for trial within the requisite time period (Baker, 229 AD3d at 1328).
On remittal, however, the court amended its prior holdings and found that the People were not required to be ready by September 1, 2022 because there was additional excludable time for speedy trial purposes. The court thus concluded that there was no speedy trial violation regardless of whether the July certificate was valid, effectively rendering academic the primary basis for the court's original decision, and the primary basis for defendant's appeal and our decision thereon.
The intent of our prior decision was for the court to determine, in light of our determination that the July 2022 certificate of compliance was not valid, and in light of the court's original findings of fact and conclusions of law, including the determination that the People were required to be ready for trial by September 1, 2022, whether the People were ready for trial within the requisite time period. We therefore hold the case, reserve decision, and remit the matter to County Court for that determination.
Entered: May 2, 2025
Ann Dillon Flynn
Clerk of the Court